IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FILED
JAN 07 2015
ARTHUR JOHNSTON
BY _____ DEPUTY

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 1:15cr1LG-RHW

ANGEL CASE a/k/a Angela Case,
KENNETH CASEY,
DELANO LEWIS,
THOMAS BERNARD, and
TONYA WINN

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)

**The Grand Jury charges:**

COUNT 1

That beginning sometime in 2013 and continuing up to the date of this Indictment, in Hancock County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendants, **ANGEL CASE a/k/a Angela Case, KENNETH CASEY, DELANO LEWIS, THOMAS BERNARD and TONYA WINN**, did knowingly and willfully conspire with others both known and unknown to the Grand Jury, to possess with intent to distribute actual methamphetamine, a Schedule II narcotic drug controlled substance, a mixture or substance containing a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, and a mixture or substance containing a detectable amount of marijuana, a Schedule I drug controlled substance as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

All in violation of Section 846, Title 21, United States Code.

**QUANTITY OF ACTUAL METHAMPHETAMINE, COCAINE HYDROCHLORIDE AND MARIJUANA INVOLVED IN THE CONSPIRACY**

With respect to **ANGEL CASE a/k/a Angela Case**, the amount involved in the conspiracy attributable to her as a result of her conduct, and the conduct of other conspirators

reasonably foreseeable to her, is in excess of 50 grams of actual methamphetamine, in excess of 5 kilograms of cocaine hydrochloride, and in excess of 100 kilograms of marijuana in violation of Title 21, United States Code, Section 841(b)(1)(A) & (B).

With respect to **KENNETH CASEY**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is in excess of 50 grams of actual methamphetamine, in excess of 5 kilograms of cocaine hydrochloride, and in excess of 100 kilograms or marijuana in violation of Title 21, United States Code, Section 841(b)(1)(A) & (B).

With respect to **DELANO LEWIS**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is in excess of 50 grams of actual methamphetamine, in excess of 5 kilograms of cocaine hydrochloride, and in excess of 100 kilograms of marijuana in violation of Title 21, United States Code, Section 841(b)(1)(A) & (B).

With respect to **THOMAS BERNARD**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is in excess of 50 grams of actual methamphetamine, in excess of 5 kilograms of cocaine hydrochloride, and in excess of 100 kilograms of marijuana in violation of Title 21, United States Code, Section 841(b)(1)(A) & (B).

With respect to **TONYA WINN**, the amount involved in the conspiracy attributable to her as a result of her conduct, and the conduct of other conspirators reasonably foreseeable to her in excess of 100 kilograms of marijuana in violation of Title 21, United States Code, Section 841(b)(1)(B).

COUNT 2

That on or about July 18, 2013, in Hancock County, in the Southern Division of the Southern District of Mississippi, the defendant, **ANGEL CASE a/k/a Angela Case**, did

knowingly and willfully possess with intent to distribute a mixture or substance containing actual methamphetamine, a Schedule II narcotic drug controlled substance, in violation of Section 841(a)(1), Title 21, United States Code.

### COUNT 3

That on or about December 7, 2014, in Hancock County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendants, **KENNETH CASEY, THOMAS BERNARD and TONYA WINN**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally attempt to possess with intent to distribute in excess of 50 grams of actual methamphetamine, a Schedule II narcotic drug controlled substance, in violation of Section 846, Title 21, United States Code and Section 2, Title 18, United States Code.

### COUNT 4

That on or about December 7, 2014, in Hancock County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendant **KENNETH CASEY, THOMAS BERNARD and TONYA WINN**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally attempt to possess with intent to distribute in excess of 500 grams of a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, in violation of Section 846, Title 21, United States Code and Section 2, Title 18, United States Code.

### COUNT 5

That on or about December 7, 2014, in Hancock County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendant, **KENNETH CASEY, THOMAS BERNARD and TONYA WINN**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally attempt to possess with intent to distribute a detectable amount of marijuana, a Schedule I drug controlled substance, in violation of Section 846, Title 21, United States Code and Section 2, Title 18, United States Code.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendants, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 853, Title 21, United States Code.

GREGORY K. DAVIS
United States Attorney

A TRUE BILL:

s/signature redacted
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 7th day of January, 2015.

UNITED STATES MAGISTRATE JUDGE